UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Derek M. Brandenburg,　　　　　　　　　　　　　　　Case No. 07-20244-svk
　　　　　　　Debtor.　　　　　　　　　　　　　　　　(Chapter 7)

MEMORANDUM DECISION ON MOTION TO DISMISS CASE

  The United States Trustee (UST) filed a Motion to Dismiss the Debtor's case as an abuse of Chapter 7 based on two alternate theories: (1) the presumption of abuse arising under 11 U.S.C. § 707(b)(2); or (2) the totality of the circumstances of the Debtor's financial situation under § 707(b)(3). After considering the argument of counsel and the Debtor's testimony at a hearing on the Motion, the Court determined that the case was not an abuse of Chapter 7 based on the totality of the circumstances, and denied the relief sought under § 707(b)(3). However, the Court took the § 707(b)(2) part of the Motion under advisement and asked the parties to brief whether the Debtor's mortgage payments on a Minnesota condominium that had been sold at a foreclosure sale two days before the petition could be deducted on Line 42 of Form B22A as "scheduled as contractually due." After considering Minnesota law concerning the legal status of a mortgage after a foreclosure sale, the Court concludes that the payments on the Debtor's mortgage cannot be considered as contractually due. Without the deduction of those payments, the Debtor's case is presumed an abuse under § 707(b)(2); the Debtor has not successfully rebutted the presumption by showing special circumstances; and the Debtor's case must be dismissed unless he converts to Chapter 13.

  The Debtor filed this case on January 12, 2007, and filed Schedules and Form B22A shortly thereafter. His current monthly income exceeds the Wisconsin median for his family size, and accordingly, he completed the deductions portion of the Form B22A. One of these deductions, on Line 42, is for "amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition." 11 U.S.C. § 707(b)(2)(A)(iii)(I). The Debtor deducted the monthly mortgage payments on the Minnesota condominium. If this deduction is not allowed, the Debtor's net current monthly income exceeds $167, resulting in a presumption of abuse under § 707(b)(2)(A)(I).

  On January 10, 2007 - two days before the petition date - the Debtor's condominium was sold at a foreclosure sale, which was conducted in accordance with Minnesota's foreclosure by advertisement provisions. *See* Minn. Stat. §§ 580.01 (2007), *et seq.* The UST contends that upon the sale the mortgage was extinguished, and the mortgage payments were no longer contractually due. The Debtor disagrees, arguing that he still has the right to occupy the property and to redeem the property from the foreclosure sale, and the existence of these rights on the date of the petition allows him to deduct the monthly mortgage payment on Line 42.

This Court held in *In re Nockerts*, that a debtor may deduct mortgage payments on the Form B22A even though the debtor did not intend to reaffirm the mortgage debt, and was not actually making the scheduled mortgage payments. 357 B.R. 497 (Bankr. E.D. Wis. 2006); 11 U.S.C. § 707(b)(2)(A)(iii). However, in *Nockerts,* no foreclosure action had been commenced as of the date of the bankruptcy petition, and while the mortgage note may have been in default, the payments on the mortgage were still contractually due.

Moreover, the mortgaged property in *Nockerts* was located in Green Bay, Wisconsin, while this case involves property located in Minnesota, with a different system of mortgage foreclosure than at issue in *Nockerts*. In the typical Wisconsin mortgage foreclosure, the mortgagee files a mortgage foreclosure action and obtains a judgment of foreclosure. After the judgment of foreclosure is entered and the appropriate redemption period expires, a sheriff's sale is held, and finally the court holds a hearing to confirm the sale. Wis. Stats. §§ 846.01 (2007), *et seq*. For our purposes, § 846.10 of the Wisconsin Statutes suggests that payments under a mortgage are still scheduled as contractually due even after the judgment of foreclosure is entered: "If the plaintiff recovers the judgment shall describe the mortgaged premises and fix the amount of the mortgage debt then due and also the amount of each installment thereafter to become due, and the time when it will become due . . . ."

By contrast, in Minnesota, a mortgagee may commence a foreclosure by advertisement by publishing notice of a sheriff's sale in a legal newspaper in the county where the property is situated, and by serving a copy of the notice on the person in possession of the property. Minn. Stat. § 580.03. Unless the mortgagor pays the full amount actually due on the mortgage (including interest, taxes and fees) before the foreclosure sale, the property may be sold at a public sheriff's sale. Minn. Stat. §§ 580.06; 580.30. After the property is sold at the foreclosure sale, the mortgagor has a six- or twelve-month redemption period, depending on the circumstances of the mortgage. *Id.* § 580.23. Timely redemption operates to annul the sheriff's sale, but if the property is not redeemed, legal title passes to the buyer upon expiration of the redemption period. *Farmers & Merchants Bank of Preston v. Junge*, 458 N.W.2d 698, 700 (Minn. App. 1990); *see also* Minn. Stat. § 580.19 (sheriff's certificate of purchase and expiration of redemption period are prima facie evidence of title).

As the Eighth Circuit explained,

> It is long-settled under Minnesota Law that foreclosure extinguishes the mortgage and that the purchaser at the foreclosure sale acquires a vested right to become the absolute owner of the property upon expiration of the redemption period, or, in lieu thereof, to receive the payment of the purchase price plus interest. The mortgagor, on the other hand, retains only the equity of redemption, plus the rights to possession, rents, and profits of the property during the period of redemption.

2

*Bestrom v. Bankers Trust Co. (In re Bestrom)*, 114 F.3d 741, 744 (8th Cir. 1997) (quoting *Johnson v. First Nat'l Bank of Montevideo*, 719 F.2d 270, 276 (8th Cir. 1983)).

      As to the legal status of the mortgage debt after the sale, "Upon foreclosure of a mortgage, it becomes functus officio." *In re Stacy*, 9 F. Supp. 61 (D. Minn. 1934). In other words, "[t]he mortgage, both as contract and security, [is] exhausted by the foreclosure." *Peterson v. Metro. Life Ins. Co.*, 189 Minn. 98, 100-101, 248 N.W. 667, 668 (1933); *see also Bus. Women's Holding Co. v. Farmers' & Mech.'s Sav. Bank of Minneapolis*, 194 Minn. 171, 259 N.W. 812 (1935). Therefore, a foreclosure sale operates to extinguish all terms under the mortgage note, including the scheduled monthly payments of principal and interest.

      Relying on *Farmers & Merchants Bank of Preston*, the Debtor argues that a foreclosure in Minnesota is not actually complete until the statutory right of redemption expires, and therefore the Debtor retains rights and obligations under the mortgage until the redemption period expires. Although legal title to property may not pass until expiration of the redemption period, it is clear that the foreclosure sale operates to extinguish the contractual terms of the mortgage itself. *Peterson*, 189 Minn. at 100, 248 N.W. at 668 (upon foreclosure sale, the mortgage is discharged and "[i]t remain[s] only as a muniment of title"). The fact that legal title does not technically pass until expiration of the redemption period does not save the contractual rights already extinguished by the foreclosure sale.

      Accordingly, by virtue of the foreclosure sale, there is no "payment scheduled as contractually due" under this mortgage. The Minnesota sheriff's sale two days prior to the petition terminated all contractual obligations under the mortgage, including the Debtor's obligation to make scheduled payments. Without a secured "payment scheduled as contractually due," the Debtor cannot deduct the monthly mortgage payment for the Minnesota condominium on Line 42 of Form B22A. Absent this deduction, the Debtor's net current monthly income exceeds the threshold income level of $167 per month, causing the presumption of abuse to arise. The Debtor has failed to rebut this presumption by demonstrating special circumstances under § 707(b)(2)(B). An Order will be entered granting the U.S. Trustee's Motion to Dismiss this case, unless the Debtor moves to convert to Chapter 13 within 30 days.

Dated: May 15, 2007

      By the Court:

      *Susan Kelley*
      Susan V. Kelley
      U.S. Bankruptcy Judge